EXHIBIT A

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00132-S1**
**1/9/2022 12:41 PM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of <u>Gwinnett State Court</u> County

| For Clerk Use Only | | | | |
|---|---|---|---|---|
| | | | **22-C-00132-S1** | |
| Date Filed _____ | | Case Number _____ | | |
| **MM-DD-YYYY** | | | | |

**Plaintiff(s)**
Blackmon, Regina

**Defendant(s)**
Fujitec America Inc

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Does 1-3, John | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** <u>Tressa S. McCray</u>   **State Bar Number** <u>486798</u>   Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
☐ **Automobile Tort**
☐ **Civil Appeal**
☐ **Contempt/Modification/Other Post-Judgment**
☐ **Contract**
☐ **Garnishment**
☒ **General Tort**
☐ **Habeas Corpus**
☐ **Injunction/Mandamus/Other Writ**
☐ **Landlord/Tenant**
☐ **Medical Malpractice Tort**
☐ **Product Liability Tort**
☐ **Real Property**
☐ **Restraining Petition**
☐ **Other General Civil**

**Domestic Relations Cases**
☐ **Adoption**
☐ **Contempt**
  ☐ **Non-payment of child support, medical support, or alimony**
☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
☐ **Family Violence Petition**
☐ **Modification**
  ☐ **Custody/Parenting Time/Visitation**
☐ **Paternity/Legitimation**
☐ **Support – IV-D**
☐ **Support – Private (non-IV-D)**
☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                  **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00132-S1**
**1/9/2022 12:41 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

REGINA BLACKMON, )
                                      )    CIVIL ACTION FILE
       Plaintiff,            )    **22-C-00132-S1**
v.                                 )    NO. _____
                                        )
FUJITEC AMERICA, INC.,       )
and JOHN DOES 1 through 3,     )    JURY TRIAL DEMAND
                                        )
       Defendants.           )

### COMPLAINT FOR DAMAGES

COMES NOW REGINA BLACKMON, Plaintiff in the above-styled action and hereby files this Complaint and shows the Court the following:

### Jurisdiction and Venue

1.

Plaintiff Regina Blackmon (also referred to herein as "Plaintiff") is a resident of the State of Georgia and willfully avails herself of the jurisdiction and venue of this Honorable Court.

2.

FUJITEC AMERICA, INC., (hereinafter, "Defendant" or "Defendant Fujitec"), is a foreign profit corporation organized under the laws of the State of Ohio, doing business in Gwinnett County, and can be served with process upon its registered agent for service, C.T. Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

3.

Defendants John Does 1 through 3 are unknown individuals or entities believed by Plaintiff to have materially participated in the actions alleged herein, specifically, as the agents, employees, or independent contractors who may have installed, repaired, maintained, or otherwise exercised some effect on the instrumentality in question.

Copy from re:SearchGA

4.

Venue is proper in Gwinnett County and this Court pursuant to Ga. Const. Art. VI, § 2, par.4, and O.C.G.A. § 14-2-510(b)(3), as this matter concerns negligent acts and omissions by the defendant(s), all of which occurred in Dekalb County, Georgia.   Venue against any John Does is proper in this County and Court pursuant to the provisions of Georgia Const. Art. 6, §2, ¶4, Quinton v. American Thread Co., 74 Ga. App. 436, 40 S.E.2d 95 (1946), which provides that an action against joint tort-feasors residing in different counties may be tried in either county.

5.

At all times material and relevant herein, Defendant(s) maintained, serviced, and operated elevators in the Buildings A, B and C at Winship Cancer Institute, 1365 E. Clifton Rd., NE, Atlanta, Georgia 30322.

## Factual Allegations

6.

On January 9, 2020, Plaintiff Regina Blackmon sustained substantial injuries while she was employed on the premises of Winship Cancer Institute, which is located at or about 1365 E. Clifton Rd., NE, Atlanta, Georgia 30322 (referred herein as "the premises").

7.

On or about January 9, 2020, Plaintiff Regina Blackmon was leaving her worksite in Building A of Winship Cancer Institute located at 1365 E. Clifton Rd., NE, Atlanta, Georgia 30322 in order to go to lunch. In order to do so, Plaintiff Regina Blackmon walked through the tunnel from Building A to Building C.

Copy from re:SearchGA

8.

At approximately 12:30 p.m., on or about January 9, 2020, Plaintiff entered the elevator car designated ELE-1751-6, intending to take the elevator to the first floor to go to lunch.

9.

Upon reaching the first floor, Plaintiff attempted to exit the elevator car designated ELE-1751-6.

10.

Unfortunately, said elevator car failed to "level" with the floor in question. As a result, Plaintiff tripped and fell forward to the floor.

11.

As a result of her fall, Plaintiff suffered injuries to her knees, wrists, lower back, and neck.

12.

As a result of this accident, Plaintiff was unable to work and has sustained medical expenses, pain and suffering, lost wages, and other damages.

13.

As a result of Plaintiff's injuries, she has suffered physical impairment, mental and physical pain and suffering, and substantial personal inconvenience and difficulties in performing her ordinary activities of living.

14.

These personal injuries may have permanent effects, and in the future Plaintiff will suffer medical and other necessary expenses, ongoing personal inconvenience and difficulties with the

Copy from re:SearchGA

ordinary demand and activities of living, as well as continuing mental and physical pain and suffering.

## COUNT 1

### BREACH OF COMMON CARRIER DUTY OF EXTRAORDINARY CARE

15.

Plaintiff adopts and incorporates paragraphs 1 through 14 of this Complaint as if the same were fully set forth herein.

16.

Under Georgia law, carriers of passengers must exercise extraordinary care to protect the lives and persons of their passengers. See e.g. O.C.G.A. § 46-9-132.

17.

Defendant Fujitec was a "common carrier" with respect to the subject elevator and its passengers like Plaintiff Regina Blackmon. Thus, Defendant Fujitec owed a duty of extraordinary care for the safety and protection of passengers of the subject elevator, including Plaintiff.

18.

Defendant Fujitec negligently breached its duty of extraordinary care with respect to the subject elevator and Plaintiff Regina Blackmon.   As a direct and proximate result, Plaintiff Regina Blackmon sustained substantial injuries and other damage.

19.

Accordingly, Defendant Fujitec is liable to Plaintiff Regina Blackmon for its negligent breach of its common carrier duty of extraordinary care, for which Plaintiff is entitled to recover.

Copy from re:SearchGA

## COUNT II: NEGLIGENCE

20.

Plaintiff adopts and incorporates paragraphs 1 through 19 of this Complaint as if the same were fully set forth herein.

21.

Defendant Fujitec was otherwise negligent by, among other things:

(a) Failing to properly maintain, inspect, service, and repair the subject elevator;

(b) Failing to establish, implement, enforce, or follow appropriate policies and procedures with respect to the subject elevator and the premises;

(c) Failing to properly hire, retain, train, and supervise their respective employees, agents, and representatives with respect to the subject elevator and the premises;

(d) Failing to warn potential passengers of the subject elevator and Visitors to the premises of the unreasonably dangerous condition; and

(e) Failing to otherwise exercise all due and reasonable care.

22.

As a direct and proximate result of Defendant Fujitec's negligence, Plaintiff Regina Blackmon sustained substantial injuries and other damages.

23.

Accordingly, Defendant Fujitec is liable to Plaintiff Regina Blackmon for their negligence, such that Plaintiff is entitled to recover.

Copy from re:SearchGA

## COUNT III: NEGLIGENCE *PER SE*

24.

Plaintiff adopts and incorporates paragraphs 1 through 23 of this Complaint as if the same were fully set forth herein.

25.

Under Georgia law, Defendant Fujitec is subject to various mandatory statutes, rules, and regulations regarding the use, operation, maintenance, inspection, and repair of elevators like the subject elevator on the premises.   See generally O.C.G.A. § 8-2-100, et seq.; Ga. Comp. R. & Regs. § 120-3-25-.01, et seq.

26.

Defendant Fujitec was negligent *per se* by breaching its duties under such mandatory Georgia statutes, rules, and regulations with respect to the subject elevator and Plaintiff Regina Blackmon.    As a direct and proximate result of Defendant Fujitec's negligence *per se*, Plaintiff sustained substantial injuries and other damages.

27.

Accordingly, Defendant Fujitec is liable to Plaintiff Regina Blackmon for its negligence per se, such that Plaintiff Regina Blackmon is entitled to recover.

## DAMAGES

28.

Plaintiff incorporates Paragraphs 1 through 27 of this Complaint as fully set forth herein.

Copy from re:SearchGA

29.

As a direct and proximate result of Defendant Fujitec's tortious acts and omissions, Plaintiff Regina Blackmon sustained various bodily injuries, for which she is entitled to recover from Defendant(s).

30.

As a direct and proximate result of Defendant Fujitec's tortious acts and omissions, Plaintiff Regina Blackmon has incurred, continues to incur, and will incur in the future, special damages in the form of hospital, physician, pharmacy, and other medical bills and expenses, for which she is entitled to recover from Defendant(s).

31.

As a direct and proximate result of Defendant Fujitec's tortious acts and omissions, Plaintiff Regina Blackmon has sustained, continues to sustain, and will sustain in the future, lost income, diminished earning capacity, and diminished capacity to labor, for which she is entitled to recover from Defendant(s).

32.

As a direct and proximate result of Defendant's tortious acts and omissions, Plaintiff Regina Blackmon has experienced, continues to experience, and will experience in the future, physical and mental pain and suffering, mental anguish, anxiety, and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a fair and impartial jury, for which she is entitled to recover from Defendant(s).

**WHEREFORE**, Plaintiff prays as follows:

(a) That process and summons be issued and Defendant(s) be served according to law;

(b) That all claims be tried by a jury;

Copy from re:SearchGA

(c) That a trial be held at which a jury of twelve (12) persons be impaneled to decide all

triable issues of law and fact;

(d) That judgment be entered for Plaintiff against Defendant(s);

(e) That Plaintiff be awarded any and all damages allowed by law, including all special,

general, compensatory, economic, non-economic, and other damages from

Defendant(s) as determined by the verdict of the jury;

(f) That Plaintiff be awarded all costs in this action; and

(e) That Plaintiff be granted such other further relief as this Honorable Court may deem

just and proper.

Respectfully submitted, this 7th day of January, 2022.

*Tressa S. McCray*

Tressa S. McCray
Georgia Bar # 486798

THE LAW OFFICE OF
TRESSA S. McCRAY, P.C.
Suite 490 - Heritage Place
4500 Hugh Howell Road
Tucker, Georgia 30084
Phone (770) 493-1265
Fax (770) 493-1266
**Email at:      tressam@tsmpc.net**

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00132-S1**
**1/9/2022 12:41 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Regina Blackmon

_____

_____

CIVIL ACTION
NUMBER:_____     **22-C-00132-S1**

PLAINTIFF

VS.

Fujitec America, Inc., and John Does
1 through 3 c/o C.T. Corporation System
289 S. Culver St. Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

The Law Office of Tressa S. McCray, P.C.
Attn: Tressa S. McCray
4500 Hugh Howell Road, Suite 490
Tucker, GA 30084

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of January _____, 20____.

10th day of January, 2022

**Tiana P. Garner**
**Clerk of State Court**

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 22-C-00132-S1

| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed January 9, 2022

Georgia, __GWINNETT__ COUNTY

Regina Blackmon

Attorney's Address

Tressa S. McCray, Esq.

Law Office of Tressa S. McCray
4500 Hugh Howell Rd, Ste 490
Tucker, Georgia 30084

Plaintiff

VS.

Name and Address of Party to Served
Fujitec America Inc & John Does 1-3

Fujitec America Inc & John Does 1-3

c/o C. T. Corporation System

289 S. Culver Street

Lawrenceville, GA 30046

Defendant

RECEIVED 2022 JAN -1 PM 4: 33   CIVIL DIV. G.S.C.

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☒ Served the defendant Fujitec America Inc _____ a corporation

by leaving a copy of the within action and summons with Jane Richardson (RA) _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

FILED IN OFFICE 2022 JAN 20 AM 10: 17 GARNER, CLERK STATE COURT GWINNETT COUNTY GA

This 13 day of Jan , 20 22

W. Coberly S01332

DEPUTY

**CLERK'S COPY**

Printed: 1/11/2022 4:32:31PM
By: alewis

Servee Count 1 of 1

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:**     22000822

**Person Served:**     FUJITEC AMERICA INC
289 S CULVER STREET
LAWRENCEVILLE GA 30046
PHONE:

## Process Information:

Date Received:     01/11/2022

Assigned Zone:     289 S. Culver               Court Case #:     22-C-00132-S1

Expiration Date:                               Hearing Date:

Paper Types:     Summons COMPLAINT FOR DAMAGES

Notes/Alerts:

## Notes:

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00132-S1**
**2/11/2022 9:06 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

REGINA BLACKMON,

     Plaintiff,·

v.                           Civil Action File No. 22-C-00132-S1

FUJITEC AMERICA, INC.
and JOHN DOES through 3,

     Defendants.

## DEFENDANT FUJITEC AMERICA, INC.'S ANSWER
## AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Fujitec America, Inc., files its answer and defenses to Plaintiff's Complaint

and respectfully shows the Court as follows:

### FIRST DEFENSE

Plaintiff may not recover against this Defendant because it breached no legal duty owed

to Plaintiff.

### SECOND DEFENSE

Plaintiff may not recover against this Defendant because no act or omission of this

Defendant was the proximate cause of the injuries complained of by Plaintiff.

### THIRD DEFENSE

Plaintiff's Complaint fails to state claim against this Defendant for which relief may be

granted.

### FOURTH DEFENSE

This Defendant asserts its right of apportionment according to the provisions of O.C.G.A.

§ 51-12-33(b).

### FIFTH DEFENSE

Plaintiff may only recover against this Defendant based on its percentage of fault, if any, according to the provisions of O.C.G.A. § 51-12-31.

### SIXTH DEFENSE

Plaintiff may not recover against this Defendant based on Plaintiff's failure to exercise ordinary care for her own safety.

### SEVENTH DEFENSE

Plaintiff may not recover against this Defendant because Plaintiff's negligence exceeded the negligence, if any, of this Defendant.

### EIGHTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

### NINTH DEFENSE

Plaintiff failed to plead with particularity any special damages and, therefore, is barred from recovering said damages.

### TENTH DEFENSE

Plaintiff may not recover against this Defendant as she had equal knowledge of any alleged hazard that may have caused her injury.

In further response to Plaintiff's Complaint, this Defendant responds as follows:

### Jurisdiction and Venue

1.

This Defendant can neither admit nor deny the allegations in Paragraph 1 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

- 2 -

2.

This Defendant denies that it is organized under the laws of the State of Ohio.  This Defendant admits it can be served with process through its registered agent, C.T. Corporation System.

3.

This Defendant can neither admit nor deny the allegations in Paragraph 3 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

4.

This Defendant does not challenge venue in Gwinnett County.  However, this Defendant states that because there is a diversity of citizenship between the parties and because the amount in controversy exceeds $75,000, this case is ripe for removal to federal court.

5.

This Defendant can neither admit nor deny the allegations in Paragraph 5 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

**Factual Allegations**

6.

This Defendant can neither admit nor deny the allegations in Paragraph 6 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

7.

This Defendant can neither admit nor deny the allegations in Paragraph 7 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

8.

This Defendant can neither admit nor deny the allegations in Paragraph 8 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

9.

This Defendant can neither admit nor deny the allegations in Paragraph 9 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

10.

This Defendant can neither admit nor deny the allegations in Paragraph 10 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

11.

This Defendant can neither admit nor deny the allegations in Paragraph 11 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

12.

This Defendant can neither admit nor deny the allegations in Paragraph 12 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

13.

This Defendant can neither admit nor deny the allegations in Paragraph 13 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

14.

This Defendant can neither admit nor deny the allegations in Paragraph 14 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

## COUNT 1

## BREACH OF COMMON CARRIER DUTY OF EXTRAORDINARY CARE

15.

This Defendant realleges and incorporates by reference its responses and defenses to the allegations set forth in Paragraphs 1-14 of Plaintiff's Complaint as though fully stated herein.

16.

This Defendant states that O.C.G.A. §46-9-132 speaks for itself.  This Defendant denies any characterization of any duty owed by carriers of passengers contained within Paragraph 16 of Plaintiff's Complaint inconsistent with the plain reading of said statute.  This Defendant denies breaching any duty of care and denies causing any injury to Plaintiff.

17.

This Defendant objects to Paragraph 17 to the extent it is a statement of law and not a statement of fact. This Defendant further objects to Paragraph 17 to the extent it seeks a legal opinion from this Defendant. Subject to and without waiving said objection, this Defendant can neither admit nor deny the allegations in Paragraph 17 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same. This Defendant denies breaching any duty of care and denies causing any injury to Plaintiff.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

## COUNT II - NEGLIGENCE

20.

This Defendant realleges and incorporates by reference its responses and defenses to the allegations set forth in Paragraphs 1-19 of Plaintiff's Complaint as though fully stated herein.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint and all its subparts.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

## COUNT III - NEGLIGENCE *PER SE*

24.

This Defendant realleges and incorporates by reference its responses and defenses to the allegations set forth in Paragraphs 1-23 of Plaintiff's Complaint as though fully stated herein.

25.

This Defendant objects to Paragraph 25 to the extent it is a statement of law and not a statement of fact. This Defendant further objects to Paragraph 25 to the extent it seeks a legal opinion from this Defendant. Subject to and without waiving said objection, this Defendant admits that it is subject to various statutes, rules, and regulations. This Defendant denies any characterization of said statutes, rules, and regulations contained within Paragraph 25 of Plaintiff's Complaint that are inconsistent with the plain reading of said statutes, rules, and regulations. This Defendant denies breaching any such statutes, rules, and regulations.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

## **DAMAGES**

28.

This Defendant realleges and incorporates by reference its responses and defenses to the allegations set forth in Paragraphs 1-27 of Plaintiff's Complaint as though fully stated herein.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.  This Defendant denies breaching any duty owed to Plaintiff and further denies causing any injury alleged by Plaintiff.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint. This Defendant denies breaching any duty owed to Plaintiff and further denies causing any injury alleged by Plaintiff.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.  This Defendant denies breaching any duty owed to Plaintiff and further denies causing any injury alleged by Plaintiff.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.  This Defendant denies breaching any duty owed to Plaintiff and further denies causing any injury alleged by Plaintiff.

All other allegations in Plaintiff's Complaint not otherwise hereinbefore responded to are denied.

This Defendant denies Plaintiff's prayer for relief.  This Defendant denies breaching any duty owed to Plaintiff and denies that Plaintiff is entitled to any recover against this Defendant.

WHEREFORE having fully answered, this Defendant respectfully requests that the instant civil action be inquired into and dismissed with costs assessed against the Plaintiff.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted this 11th day of February, 2022.

DREW ECKL & FARNHAM, LLP

*/s/  Robert A. Quinn*
Matthew A. Nanninga, Georgia Bar No. 159070
Robert A. Quinn, Georgia Bar No. 473668
*Attorneys for Defendant - Fujitec America, Inc.*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
rquinn@deflaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing

**Defendant Fujitec America, Inc.'s Answer and Defenses to Plaintiff's Complaint** upon all

parties concerned by electronically filing a copy of the within and foregoing by using Odyssey

eFileGA which will automatically send email notification of such filing to the following attorney

of record as follows:

Tressa S. McCray
The Law Office of Tressa S. McCray, P.C.
Suite 490 - Heritage Place
4500 Hugh Howell Road
Tucker, Georgia  30084
tressam@tsmpc.net

This 11th day of February, 2022.

/s/ Robert A. Quinn
Robert A. Quinn, Georgia Bar No. 473668
*Attorneys for Defendant - Fujitec America, Inc.*

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
rquinn@deflaw.com